IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELIX LUCERO,

    Petitioner,                    No. 2:12-cv-0957 LKK EFB P

    vs.

VINCENT CULLEN,

                                      FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss this action on the grounds that the petition is second or successive and is untimely. Dckt. No. 14. Petitioner opposes the motion. Dckt. No. 21. For the reasons explained below, the undersigned recommends that respondent's motion be granted.

       A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147, 153-155 (2007*)*; *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without

an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. at 153.

The instant petition challenges the 1996 judgment of conviction entered in the San Joaquin County Superior Court, for second degree murder and two counts of attempted murder, and for which petitioner was sentenced to eighteen years to life. Dckt. No. 1 at 2, 7. A review of the court's records reveals that petitioner challenged the same conviction in an earlier action. *See Lucero v. Hubbard*, 2:00-cv-1365 JKS (petition challenging petitioner's California state conviction for second degree murder and two counts of attempted murder, with an enhancement for personal use of a firearm).[1] In the prior action, a district judge denied the petition on the merits. *Id.*, Dckt. No. 20. Judgment was entered and the district judge declined to issue a certificate of appealability. *Id.*, Dckt. Nos. 20, 21.

In his opposition, petitioner concedes that he "filed a habeas corpus petition in the District [Court] challenging the same conviction." Dckt. No. 17 at 2. He claims, however, that this court may still entertain his petition because his claim is based on a new rule of law that should be retroactively applied. *Id.* Petitioner appears to be arguing that the court is permitted to adjudicate his claim under 28 U.S.C. 2244(b)(2)(A), which provides that a claim raised in a second petition that was not previously raised in a prior petition shall be dismissed unless "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[2]

---

[1] A court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir. 1980).

[2] Section 2244 also states that a claim raised in a second petition that was not raised in a prior petition must be dismissed unless: "(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, could be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244 (b)(2)(B). Petitioner does not contend that the claims in the instant petition are based on newly discovered facts.

In addition to satisfying the standard under § 2244(b)(2), a petitioner seeking to file a second or successive petition in a district court must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. 2244(b)(3)(A); *see also Burton*, 549 U.S. at 153 ("A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."). Petitioner has offered no evidence that the United States Court of Appeals for the Ninth Circuit has authorized this court to consider his second or successive petition.

In his opposition, petitioner also purports to bring a motion for relief from the judgment in his prior habeas case pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). Dckt. No. 17 at 1, 3. Petitioner argues that Rule 60(b) permits the court to reconsider the claims in his prior petition because there has been a change in law entitling him to relief. *Id*. Petitioner's reliance on Rule 60(b) is nothing more than an attempt to evade 28 U.S.C. 2244(b)'s prohibition against filing second or successive petitions. Such circumvention of AEDPA standards is not permitted. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (observing that use of a Rule 60(b) motion based on a purported change in the substantive law would conflict with AEDPA standards and "impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar.").[3]

////
////
////
////

---

[3] Petitioner also argues in his opposition that his claims are not procedurally defaulted because he can establish cause and prejudice. Respondent, however, only moves to dismiss the petition on the grounds that it is second or successive or untimely. Thus, petitioner's procedural default arguments are irrelevant.

3

1  The instant petition is a second or successive petition filed without the consent of the
2  Court of Appeals.  Petitioner's failure to procure the Ninth Circuit's authorization to file the
3  present petition deprives this court of jurisdiction.  *See Burton*, 549 U.S. 147; *Cooper v.*
4  *Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).  The petition must therefore be
5  dismissed.[4]

6  Accordingly, it is hereby RECOMMENDED that:

7  1.  Respondent's motion to dismiss, Dckt. No. 14, be granted; and

8  2.  This action be dismissed on the ground that the petition is second or successive and
9  petitioner has not demonstrated that the Ninth Circuit has granted him leave to file it in this
10 court.

11 These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
13 after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
16 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
17 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In
18 his objections petitioner may address whether a certificate of appealability should issue in the
19 event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing
20 Section 2254 Cases ("The district court must issue or deny a certificate of appealability when it
21 enters a final order adverse to the applicant.").

22 Dated:  January 16, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Because the petition must be dismissed as a second or successive petition, the undersigned declines to address respondent's additional argument for dismissal.

4