IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELIX LUCERO,

        Petitioner,               No. 2:12-cv-0957 LKK EFB P

    vs.

VINCENT CULLEN,

        Respondent.          <u>ORDER</u>

        Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On January 16, 2013, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Neither party has filed objections to the findings and recommendations.

        The court has reviewed the file and finds that this does appear to be a second or

////

////

////

1

successive petition, requiring leave from the Ninth Circuit.[1]   However, in light of the complexity of the underlying legal issues involved, the court has determined that the interests of justice require appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Specifically, the petition raises the possibly meritorious claim that Petitioner's second degree felony conviction – whose underlying felony was Cal. Penal Code § 246 (shooting into an occupied vehicle) – has been fundamentally undermined by an intervening California Supreme Court decision issued after his first petition. See People v. Chun, 45 Cal. 4th 1172 (2009) (Section 246 cannot be the basis for a second degree felony murder conviction), disapproving People v. Tabios, 67 Cal. App. 4th 1 (3rd Dist. 1999) (rejecting co-defendant Lucero's argument that Section 246 cannot be the basis for a second degree felony murder conviction).  Before counsel can be appointed, however, the court must determine whether petitioner meets the financial qualifications for such appointment.

Accordingly, IT IS HEREBY ORDERED that:

1. The Federal Defender is appointed to represent petitioner, subject to proof that petitioner meets the financial qualifications for such appointment.

2. The Clerk of the Court is directed to serve a copy of the petition, this order and the docket sheet for this action on the Federal Defender, attention: David Porter, Assistant Federal Defender.

3. Within thirty days of the date of this order, the Federal Defender shall inform the court, in writing, whether petitioner meets the financial qualifications for appointment of counsel.

4. Petitioner's counsel shall contact the Clerk's Office to make arrangements for

---

[1] The court clarifies however, that Petitioner did not "concede[]" that the underlying petition here is a second or successive petition.  Petitioner's referenced language was a quote from the state's argument, rather than a factual concession. See Petition (ECF No. 17) at 2, lines 10-11.

2

1 copies of documents in the file.

2     5.  Within sixty days from the date of this order, counsel shall advise the court
3 whether or not Petitioner is seeking leave from the Ninth Circuit to file this petition.

4     6.  Respondent's motion to dismiss (ECF No. 14) is **STAYED** pending receipt of
5 such notice from Petitioner's counsel.

6   IT IS SO ORDERED.

7   DATED: March 11, 2013.

10       LAWRENCE K. KARLTON
11       SENIOR JUDGE
      UNITED STATES DISTRICT COURT